Wells Fargo Bank, N.A. v Stein
2026 NY Slip Op 02869
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wells Fargo Bank, N.A., respondent,
v
Hannah Stein, etc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2022-09298, 2022-09299, (Index No. 506179/14)
Angela G. Iannacci, J.P.
Lara J. Genovesi
Carl J. Landicino
Laurence L. Love, JJ.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Reed Smith LLP, New York, NY (James N. Faller and Andrew B. Messite of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hannah Stein appeals from two orders of the Supreme Court, Kings County (Larry Martin, J.), both dated August 18, 2022. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Hannah Stein (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant served an answer to the complaint, raising various affirmative defenses.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated August 18, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order also dated August 18, 2022, the court, inter alia, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals. We affirm, but on grounds different from those relied upon by the Supreme Court.
Contrary to the plaintiff's contention, it failed to demonstrate that the defendant lacked standing to defend this action on the basis that the defendant "made an absolute conveyance of all . . . her interest in the mortgaged premises" (LaSalle Bank N.A. v Abedin, 236 AD3d 773, 775-776; see RPAPL 1311[1]).
Nevertheless, contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its strict compliance with the mailing requirements of RPAPL 1304. "Proof of the requisite [*2]mailings of the RPAPL 1304 notices may be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Onewest Bank FSB v Thomas, 242 AD3d 1005, 1008 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Blum, 241 AD3d 857, 858).
Here, the plaintiff, which performed the mailing itself, established its compliance with the mailing requirements of RPAPL 1304 through proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by its employee, who had personal knowledge of the procedure (see Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 892; U.S. Bank N.A. v Panzer, 189 AD3d 1109). The affiant further made "reference to business records annexed to the affidavit, which confirmed that those procedures were adhered to in this case" (Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 434). In opposition, the defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to raise a triable issue of fact (see MTGLQ Invs., L.P. v Assim, 209 AD3d 1006, 1008; Nationstar Mtge., LLC v. LaPorte, 162 AD3d 784, 786).
The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal and, thus, not properly before this Court.
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court